UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KAYLA WILLIAMS

VERSUS

SOUTHERN UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, ET AL

CIVIL ACTION

NUMBER 11-739-JJB-SCR

## RULING ON MOTION TO COMPEL

Before the court is the Plaintiff's Motion to Compel Defendants to Make Initial Disclosures and Respond to Discovery filed by the plaintiff Kayla Williams. Record document number 13. No opposition has been filed.

Plaintiff's motion shows that despite a deadline of April 26, 2012, the defendants failed to make their initial disclosures.[1] Plaintiff served the defendants with the First Set of Interrogatories and Requests for Production on May 25, 2012.[2] Defendants also failed to provide any answers or documents in response to these discovery requests. Despite assurances by counsel for the defendants on both July 27 and August 27, 2012 that the outstanding discovery would be provided shortly,[3] the

---

[1] Record document number 10, Scheduling Order, item B.

[2] Record document number 13-1, Attachments A and B.

[3] Record document number 13-1, Attachment C; record document number 16, Plaintiff's Second Motion to Continue Pretrial Deadlines, ¶ 5.

defendants still have not fulfilled their discovery obligations. Nor have the defendants responded to this motion or otherwise furnished any information indicating when they will provide their discovery responses. In these circumstances, under Rule 37(d)(1)(A), Fed.R.Civ.P., the plaintiff is entitled to an order compelling the defendants to respond to her discovery requests and imposing sanctions. Defendants will be required to provide their initial disclosures, answer the interrogatories, and produce responsive documents for inspection and copying the within 14 days. No objections will be allowed.[4] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). However, other than recovery of the expenses incurred in filing the motion the plaintiff did not seek additional sanctions.

With regard to the recovery of expenses, under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust.[5] Plaintiff's motion shows that a good faith attempt was made to obtain the discovery responses without court

---

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

[5] *See*, Rules 37(d)(1)(B) and (d)(3).

action.  Nothing in the record indicates that the defendants' failure was substantially justified or any circumstances that would make an award of expenses unjust.  Therefore, the plaintiff is entitled to reasonable expenses under Rule 37(d)(3).  Plaintiff did not claim a specific amount for the time expended in filing this motion.  However, a review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Plaintiff's Motion to Compel Defendants to Make Initial Disclosures and Respond to Discovery is granted. Defendants shall serve their initial disclosures, answers to interrogatories, and produce for inspection and copying all documents responsive to the plaintiff's requests for production, without objections, within 14 days.  Pursuant to Rule 37(d)(3), the defendants are also ordered to pay to the plaintiff, within 14 days, her reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, October 10, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE